IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARYANN COLLETTI, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-11-3799 |
| § | |
| APARTMENT INVESTMENT AND § | |
| MANAGEMENT COMPANY (AIMCO), § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

The issue presented in this motion to dismiss and order compelling arbitration is whether the arbitration clause in an employment handbook is an unenforceable illusory contract because it is subject to unilateral revision by the defendant-employer, Apartment Investment and Management Company. The plaintiff, Maryann Colletti, sued under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, alleging that AIMCO discriminated against her by failing to accommodate her disabilities. There is no dispute that the dispute falls within the broad arbitration clause. The issue is whether there is a valid arbitration agreement, an issue determined by "ordinary state-law principles that govern the formation of contracts." *Carey v. 24 Hour Fitness, USA, Inc.*, 2012 WL 205851, 2 (5th Cir. 2012) (quoting *Morrison v. Amway Corp.*, 517 F.3d 248, 254 (5th Cir. 2008). Texas law applies.

Under Texas law, an arbitration clause is illusory if one party can amend the provision or terminate it with retroactive effect so as to strip the right of arbitration from an employee, even if she has already attempted to invoke it. *See Torres v. S.G.E. Mgmt., LLC*, 397 Fed.Appx. 63, 68 (5th Cir.2010) (unpublished) (summarizing several Texas and Fifth Circuit cases as "suggest[ing] that

the lack of a notice window before any elimination of the [arbitration] clause becomes effective and the ability to amend the agreement retroactively so as to avoid any promise to arbitrate are factors indicating that the agreement may be illusory"); *see generally, Carey v. 24 Hour Fitness, USA, Inc.* 2012 WL 205851 at 2.

The employee handbook that Colletti signed when she was hired contains a lengthy arbitration policy. The policy states that the arbitrator's determination is "final and binding." The policy also states that "Company and employee shall at all times have the right to demand arbitration pursuant to this Arbitration policy," and that "[n]o waiver of any provision of this Arbitration policy shall be valid unless the same is in writing and signed by the party against whom such waiver is sought to be enforced." (Docket Entry No. 7, Exhibit, Employee Handbook, p. 1, ¶ 1, p. 2, ¶ 5). Colletti relies on the provision stating that "AIMCO reserves the right to modify or delete any and all policies, procedures, and benefits contained in this Employee Handbook at any time, with or without notice." (*Id.*, Employee Handbook, pp. 4, 5). Colletti argues that this language makes the arbitration agreement subject to unilateral amendment or deletion and therefore illusory.

Colletti acknowledges that the last pages of the Handbook contain the following language above the words "Acknowledged and Agreed To": "I agree and understand that AIMCO has the right to and may modify, rescind or cancel all or any part of these policies, or add new rules of conduct, at any time, in its sole discretion, except AIMCO's at-will employment policy, which may be modified only as set forth above, and except the Arbitration policy, which can only be amended by AIMCO's and my mutual agreement." Colletti signed directly below the words "Acknowledged and Agreed To." The last two pages of the Handbook were another copy of the Arbitration policy. The

language clearly excepts the Arbitration policy from AIMCO's otherwise-applicable ability to modify, rescind, or cancel.

Colletti argues that if the language giving AIMCO the right to amend or delete any policy at any time does not make the arbitration agreement illusory and unenforceable, the Handbook is ambiguous and therefore unenforceable. This argument is unpersuasive. In *In re Odyssey Healthcare, Inc.*, 310 S.W.3d 419, 421 (Tex. 2010), the Texas Supreme Court addressed a worker's compensation plan that contained an arbitration agreement. The plan stated that the employer "reserves the right to amend, modify, or terminate the Plan at any time." The plan also provided that "no such amendment or termination will alter the arbitration provisions incorporated into this booklet with respect to, or reduce the amount of any benefit payable to or with respect to you under the Plan in connection with, an Injury occurring prior to the date of such amendment or termination." The Texas Supreme Court held that this arbitration agreement was not illusory. Similarly, in the present case, the signature page makes it clear and unambiguous that although AIMCO had reserved to itself the right to modify or delete policies in the Handbook, there was an exception for the Arbitration policy. That explicit exception makes the arbitration agreement enforceable.

The motion to dismiss and to compel arbitration under the parties' arbitration agreement is granted.

SIGNED on February 6, 2012, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge